IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OSCAR NUNEZ PANDALES, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 3:24-cv-38 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Patricia L. Dodge |
| WARDEN MICHAEL UNDERWOOD, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM**

Pending before the Court[1] is a Petition for a Writ of Habeas Corpus (ECF No. 7) filed by Oscar Nunez Pandales ("Petitioner") under 28 U.S.C. § 2241. For the reasons set forth below, the Court will dismiss the petition.

**I.      Relevant Background**

Petitioner, a native and citizen of Colombia, is in the custody of the Federal Bureau of Prisons ("BOP") at the Federal Correctional Institution at Loretto, where he is serving a 135-month sentence for federal drug-related convictions. He has a 2025 release date. Petitioner sought earned time credits pursuant to the First Step Act but was denied those credits because he is subject to a final order of deportation.

**II.     Discussion**

Petitioner raises one ground for relief. He asserts his due process rights were violated by the denial of his application for earned time credits. (ECF No. 7 at 4.) In response, Respondents argue: (1) Petitioner did not exhaust his administrative remedies; and (2) Petitioner's final order

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

1

of removal precludes his eligibility to receive earned time credits. (ECF No. 15 at 4-6.) In reply, Petitioner asserts that: (1) the BOP thwarted his efforts to properly exhaust his administrative remedies; (2) exhaustion is unnecessary in this case; and (3) his final order of removal is not a legal one. (ECF No. 17 at 1-4.)

This Court need not resolve the issue of failure to exhaust. Even assuming *arguendo* that Petitioner properly exhausted this claim, this Court could not address it because it lacks jurisdiction over it.

Section 2241 provides, in relevant part, that "[t]he writ of habeas corpus shall not extend to a prisoner unless...[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). It confers subject matter jurisdiction upon a federal prisoner's custodial court to hear challenges to the BOP's "execution of" the prisoner's sentence. *See, e.g., Cardona v. Bledsoe*, 681 F.3d 533, 535 (3d Cir. 2012); *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 243 (3d Cir. 2005) (defining "execution of" the sentence to mean "to 'put into effect' or 'carry out.'"); *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001).

At first glance, Petitioner's claim may appear to be a challenge to the BOP's execution of his sentence. However, Petitioner's dispute is not truly with the BOP. He argues that his final order of removal is not valid, and thus he is entitled to the earned time credits, because a valid order must be signed by an immigration judge, but his order is signed by a deportation officer. (ECF No. 17 at 1-3.) Thus, the critical issue he asks this Court to decide is whether the order of removal is valid. This issue does not concern the BOP's execution of his sentence.

Further, pursuant to the REAL ID Act of 2005, this Court is precluded from reviewing the order of removal. In relevant part, the Act provides:

> Exclusive means of review. Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code [28 USCS

2

> § 2241], or any other habeas corpus provision, and sections 1361 and 1651 of such title [28 USCS §§ 1361 and 1651], a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of title 28, United States Code [28 USCS § 2241], or any other habeas corpus provision, sections 1361 and 1651 of such title [28 USCS §§ 1361 and 1651], and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5).

As the United States Court of Appeals for the Third Circuit has explained, "[t]he REAL ID Act stripped district courts of jurisdiction over § 2241 petitions challenging removal orders." *Revan v. Warden, Essex Cty. Corr. Facility*, 822 Fed. Appx. 156, 157 (3d Cir. 2020). The Third Circuit further explained that the term "order of removal" has been "broadly defined" and "includes within its ambit procedural due process claims … which 'allege[ ] errors on which the validity of the final order [are] contingent.'" *Id.* (citing *Verde-Rodriguez v. AG United States*, 734 F.3d 198, 206 (3d Cir. 2013). Thus, because Petitioner's due process claim is contingent on a determination of the validity of the final order of removal, this Court lacks jurisdiction to review it.

Further, as the Third Circuit explained in *Verde-Rodriguez*, a petition for review of a final order of removal must be filed within thirty days of the original final order of removal. 734 F.3d at 202-05. Petitioner's final order is dated August 7, 2023. (ECF No. 15-5 at 2.) He filed the instant petition on February 21, 2024, (ECF No. 1), well more than thirty days later. Accordingly, even if this Court were to forward this petition to the Court of Appeals to be treated as a petition for review, it would be considered untimely. Such a transfer would not be in the interests of justice.

### III.     Conclusion

For all of these reasons, the Court will dismiss the petition.

An appropriate Order follows.

Date:   August 29, 2024                             /s/ Patricia L. Dodge
                                                    PATRICIA L. DODGE
                                                    United States Magistrate Judge